Fred J. Munder, J.
A sale of the defendants’ real property upon an execution was noticed by the Sheriff to be held on January 11, 1965. A stay of that sale was contained in the order to show cause on this motion to extend the date of the sale to enable the judgment debtors to complete a mortgage transaction by which they expect to raise sufficient money to satisfy the judgment and thus save their home.
The judgment creditor agreed to a postponement of the sale to February 11, 1965 but communicated the request therefor to the Sheriff too late for the service, posting and advertising of the notice of postponement as required by CPLR 5236. The order to show cause containing the stay was then procured and it was served upon the Sheriff. As a result the sale was not held on the appointed day.
Both parties argue that the posture of the case is the same as if a timely postponement of the sale was being effected; that the court may -fix a new sale date and direct a single republication of the notice in addition to the service and posting required by CPLR 5236. The Sheriff, however, takes the position that the sale, not properly postponed, has been can- *34 celled and that a notice of a new sale date must he served, posted and published as fully as if no prior notice of sale had been advertised.
The debtors’ attorney suggests that if there is any question as to the extent of publication of the renotice, the court, under the broad powers granted to it by CPLR 5240, might fix a new sale date and direct the manner and extent of the notice thereof. This seems to accord with the legislative purpose in the enactment of CPLR 5236 (subd. [a]) which provides that the .sale shall take place between the 56th and the 63rd day after the first publication of the notice of sale ‘1 unless the time is extended by order”. (Italics supplied.) At page 304 of the Third Preliminary Report of Advisory Comm, on Practice and Procedure (N. Y. Legis. Doc., 1959, No. 17) the Advisory Committee, in discussing the substitution of the eight-week delay of sale for the former redemption provisions, said: “ In New York, an eight-week period would appear to be appropriate. If a judgment debtor can show sound grounds for further delaying sale, he may move for an additional delay pursuant to proposed rule 61.18” (now CPLR 5240). Thus the very situation here presented was considered by the Legislature.
I conclude that the provisions relating to a notice of postponement of sale apply to a postponement by the parties without intervention by the court. Where the court’s intercession is invoked under either CPLR 5236 or 5240, the court may fix a new date of sale and direct such notice as to it may seem reasonable and adequate. As in the present case with the sale stayed on the original date, this may occur at a time subsequent to the original sale date, without prior notice of postponement to the public or other lienors.
Because of the circumstance that the judgment debtors are required by the prospective mortgagee to clear title exception of a possible violation of a village zoning ordinance which necessitates an application to the Zoning Board of Appeals I believe that justice and equity require in this case that the judgment debtors be given a sufficient time within which to seek this relief. For that reason I direct that the sale under the execution delivered to the Sheriff be held on March 15, 1965 at 11:15 a.m., and that notice of such sale be posted and served at least two weeks prior to said date and be published once each week during the two weeks immediately preceding said date.